# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DISH NETWORK LLC, a Colorado Limited Liability Company, ECHOSTAR TECHNOLOGIES, LLC, a Texas Limited Liability Company, and NAGRASTAR LLC, Colorado Limited Liability Company,<br><br>Plaintiffs,<br><br>v.<br><br>CARL SUMMERS,<br><br>Defendant. | 1:10-cv-00307-AWI-SKO<br><br>**ORDER ON REQUEST FOR EXTENSION OF TIME TO FILE RESPONSIVE PLEADING** |

     On February 22, 2010, Plaintiffs filed a complaint against Defendant that was personally served on March 19, 2010. A responsive pleading was to be filed by Defendant on or before April 9, 2010. On April 9, 2010, Defendant filed a document purporting to be a "Stipulation to Extend Time to Respond to Initial Complaint." The "stipulation" recited that the parties agreed that Defendant would have until May 7, 2010, to file his responsive pleading. The document bore a handwritten signature of Defendant. Under Defendant's signature, Plaintiffs' counsel's name was typed with an "/s/" appearing above his name.

     On April 14, 2010, Plaintiffs filed a "Status Report Regarding Defendant's 'Stipulation'

1

to Extend Time to Respond to the Initial Complaint." Plaintiffs' counsel informed the Court that he was contacted by Defendant on April 9, 2010, through a voice mail message stating that Defendant was planning to file a request for an extension of time with the Court. Plaintiffs' counsel stated he did not receive this message until April 14, 2010. Plaintiffs' counsel represented that he would have granted Defendant a reasonable extension of time to file "an answer to the [c]omplaint" had Defendant requested it.

The Court informs Defendant, who is appearing in propria persona, that a document filed with the Court reciting to be a "stipulation" between the parties must be signed by all the parties or their counsel. Defendant is cautioned against affixing an "/s/" where no electronic signature is intended by Plaintiffs' counsel. In other words, Defendant may not affix an electronic signature on behalf of Plaintiffs' counsel without that counsel's full authorization. *See* Local Rule 131(e).

As Plaintiffs' counsel stated that he would have been willing to grant Defendant a reasonable extension of time to respond to the complaint had Defendant requested such an extension, the Court construes Defendant's filing purporting to be a "stipulation," as a request for an extension of time.

IT IS HEREBY ORDERED that Defendant shall file a responsive pleading to Plaintiffs' complaint on or before May 7, 2010.

IT IS SO ORDERED.

**Dated:   April 15, 2010**                                   /s/ Sheila K. Oberto
                                                           UNITED STATES MAGISTRATE JUDGE