Chad M. Hagan (*pro hac vice*)
chad.hagan@hnbllc.com
Stephen M. Ferguson (*pro hac vice*)
stephen.ferguson@hnbllc.com
**HAGAN NOLL & BOYLE LLC**
820 Gessner, Suite 940
Houston, TX 77024
Telephone: (713) 343-0478
Facsimile: (713) 758-0146

David S. Barrett (SBN 209986)
david@dsblawoffice.com
LAW OFFICE OF DAVID BARRETT
117 'J' Street, Suite 300
Sacramento, CA 95814
Telephone: (916) 440-0233
Facsimile: (916) 440-0237

Attorneys for Plaintiffs

**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF CALIFORNIA**

DISH NETWORK L.L.C., ECHOSTAR TECHNOLOGIES L.L.C., and NAGRASTAR LLC,

Plaintiffs,

v.

CARL SUMMERS,

Defendant.

Case No. 1:10−CV−00307−AWI−SKO

**PLAINTIFFS' SCHEDULING REPORT**

SCHEDULING CONFERENCE
Date: June 14, 2010
Time: 9:15 a.m.
Courtroom: 8
Judge: Magistrate Judge Sheila K. Oberto

Plaintiffs DISH Network L.L.C., EchoStar Technologies L.L.C., and NagraStar LLC (collectively "DISH Network" or "Plaintiffs") hereby submit this Scheduling Report pursuant to Federal Rule of Civil Procedure 26(f) and the Court's Order Setting Mandatory Scheduling Conference ("Order") of February 22, 2010, Dkt. 6.

Plaintiffs have made numerous attempts to contact *pro se* Defendant Carl Summers to conduct a conference pursuant Federal Rule of Civil Procedure 26(f) and the Court's Order. Defendant has not responded to any of Plaintiffs' efforts. Because Plaintiffs have been unable to contact Defendant, Plaintiffs hereby respectfully submit their proposed Scheduling Report in advance of the Scheduling Conference set for June 14, 2010.

1. <u>Summary of the factual and legal contentions set forth in the pleadings;</u>

Plaintiffs bring this action against Carl Summers ("Defendant" or "Summers") for unlawfully manufacturing, distributing, and otherwise trafficking in devices, components, technologies, and services (software files and Internet Key Sharing ("IKS")) intended to facilitate the illegal and unauthorized reception and decryption of DISH Network's subscription and pay-per-view satellite television programming ("DISH Network Programming") and unlawfully circumventing and facilitating others to circumvent Plaintiffs' technological measures that effectively control access to DISH Network programming. DISH Network's claims against Defendant include: (i) Digital Millennium Copyright Act, 17 U.S.C. § 1201(a)(1), (a)(2), and (b)(1); and (ii) Communications Act of 1934, as amended, 47 U.S.C. § 605(a) and (e)(4).

DISH Network is in the business of providing copyrighted pay-TV programming via satellite broadcast to its more than 14 million authorized subscribers across the United States. This programming comes from content providers such as HBO, ABC, CNBC, CNN, ESPN, subscribers' local network channels, pay-per-view programming, and hundreds of other content providers. To protect this programming from unauthorized access (i.e., satellite piracy), DISH Network encrypts its DISH Network Programming with technology provided by Plaintiff NagraStar. Authorized subscribers of DISH Network Programming are provided a satellite dish and receiver (or set-top box) which grants them access to decrypt only the copyrighted programming included in that subscriber's authorized programming package. DISH Network

expends millions of dollars and other substantial resources to protect its signal from satellite piracy—a problem that costs Plaintiffs tens of millions of dollars annually.

Plaintiffs' claims against Defendant arise out of Defendant's participation in the design, manufacture, advertisement, and distribution of piracy-related software, hardware, and Internet Key Sharing ("IKS") services used in conjunction with various brands of satellite receivers which are primarily designed, marketed for and used to circumvent Plaintiffs' security system and steal DISH Network's encrypted copyrighted programming. Defendant distributes piracy software, hardware, and IKS services throughout California and the United States using various internet monikers including "Dr sagan," "Dr sagan101," and "Billybobthornton" to post piracy software files and related information on piracy-related websites to support hundreds of thousands of satellite receiver endusers seeking to gain unauthorized access to DISH Network programming. The piracy software, hardware, and IKS services have no commercially legitimate purpose or use other than to allow satellite receivers to be used for satellite piracy.

As set forth in more detail in the Complaint (Dkt. 1), Plaintiffs seek a permanent injunction restraining and enjoining Defendant from engaging in acts that violate the Digital Millennium Copyright Act, 17 U.S.C. § 1201 *et seq*. and the Communications Act of 1934, as amended, 47 U.S.C. § 605 *et seq*., an award of the greater of actual or statutory damages in the amount of up to $100,000 for each violation of the Communications Act, an award of the greater of actual or statutory damages in the amount of up to $2,500 for each violation of the Digital Millennium Copyright Act, and an award of Plaintiffs' costs, reasonable attorneys' fees, and investigative fees.

2. Any proposed amendments to the pleadings;

Plaintiffs do not currently contemplate amendments to the pleadings. However, Plaintiffs reserve the right to move the Court for leave to amend the pleadings as discovery proceeds. Plaintiffs do not currently anticipate adding additional defendants or joining additional parties.

3. A proposed deadline for amendments to pleadings;

Plaintiffs propose August 18, 2010 as the deadline to amend pleadings or join additional parties.

4. <u>A summary detailing the uncontested and contested facts;</u>

Defendant's so called Answer filed May 7, 2010 (Dkt. 19) appears to generally deny each of the facts set forth in Plaintiffs' Complaint (Dkt. 1).

5. <u>A summary of the undisputed and disputed legal issues;</u>

This is a civil action predicated upon violations of the Digital Millennium Copyright Act, 17 U.S.C. § 1201 *et seq.* and the Communications Act of 1934, as amended, 47 U.S.C. § 605 *et seq*. Therefore, jurisdiction is proper in this Court pursuant to 28 U.S.C. §§ 1331, 1338, 47 U.S.C. § 605(e)(3)(A), and 17 U.S.C. § 1203. Personal jurisdiction and venue are proper in this Court pursuant to 28 U.S.C. §§ 1391(b)(1) because Defendant resides within this judicial district, 1391(b)(2) because a substantial part of the events giving rise to this action occurred in this judicial district, 1391(b)(3) because Defendant may be found in this judicial district and is subject to *in personam* jurisdiction, and 1400(a) because this case asserts the infringement and circumvention of protected copyright materials.

6. <u>The status of all matters which are presently set before the Court;</u>

There are no motions currently pending before the Court. Plaintiffs anticipate the filing of a motion for complete or partial summary judgment after the completion of discovery.

7. <u>A complete and detailed discovery plan addressing the following:</u>

(a) <u>A date for the exchange of initial disclosures required by Fed.R.Civ.P. 26(a)(1):</u>

June 28, 2010.

(b) <u>A firm cut-off date for non-expert discovery:</u>

May 17, 2011

(c) <u>Firm dates for disclosure of expert witnesses as required by Fed.R.Civ.P. 26(a)(2):</u>

Plaintiffs propose that the parties disclose experts and produce reports in accordance with Federal Rule of Civil Procedure 26(a)(2) by no later than April 15, 2011. With regard to expert testimony intended solely for rebuttal, Plaintiffs propose that those experts shall be disclosed and reports produced in accordance with Federal Rule of Civil Procedure 26(a)(2) on or before May 13, 2011.

(d) A firm cut-off date for expert witness discovery:

June 17, 2011

(e) Any proposed changes in the limits on discovery imposed by Fed.R.Civ.P. 26(b); 30(a)(2)(A), (B) or (C); 30(d); or 33(a):

Plaintiffs propose the following discovery limitations or changes:

A. ***Written Discovery***

With respect to interrogatories, Plaintiffs propose as follows: Plaintiffs shall be permitted to propound a total of twenty-five (25) interrogatories on Defendant, and Defendant shall be permitted to propound a total of twenty-five (25) interrogatories on Plaintiffs, totaling twenty-five (25) interrogatories per side. Plaintiffs propose that requests for production or inspection and requests for admission be unlimited in accordance with the Federal Rules of Civil Procedure.

B. ***Depositions***

Plaintiffs propose to limit depositions to 5 depositions per side. The number of expert depositions shall not be included and, rather, shall be based on the number of expert witnesses each side discloses as testifying expert witnesses such that each side shall be permitted to depose each such testifying expert designated by the opposing party.

(f) Whether the parties anticipate the need for a protective order relating to the discovery of information relating to a trade secret or other confidential research, development, or commercial information:

Plaintiffs contend that a protective order governing discovery, including testimony, should be entered. Plaintiffs intend to prepare a proposed protective order to submit to the Court, which Plaintiffs anticipate will have more than one level of protection and contain a proposal regarding claims of privilege and protection as trial-preparation materials.

(g) Any issues or proposals relating to the timing, sequencing, phasing or scheduling of discovery:

None. Plaintiffs request that discovery proceed pursuant to the Federal Rules of Civil Procedure unless otherwise noted herein.

(h) Whether the parties anticipate the need to take discovery outside the United States and, if so, a description of the proposed discovery:

Plaintiffs do not currently anticipate the need to take discovery outside the United States.

(i) Whether any party anticipates video and/or sound recording of depositions:

Plaintiffs anticipate video and sound recording depositions in this case.

(j) A proposed date for a Mid-Discovery Status Report and Conference:

January 18, 2011

8. Discovery relating to Electronic, Digital and/or Magnetic data;

Plaintiffs propose that the parties produce documents, whether originating in electronic or hard copy format, as a searchable PDF file on a compact disk, unless either party provides written notice that production should occur in an alternate format, and the basis for deviating from the agreed upon form of production. The parties will then confer on the proposed alternative format prior to the production of that particular material.

Plaintiffs further propose that when a document is produced as a searchable PDF file, or any other form of static image agreed to by the parties, the producing party shall maintain a separate file as a native file, which will not be modified in any manner that changes the file or meta-data associated with that file. After a static image is produced, the party seeking production may request and obtain the native file by demonstrating a particularized need for that production. If the producing party desires to redact any content of a native file for privilege or protection as trial preparation material, then the producing party must clearly indicate the file has been redacted and maintain an original, unmodified file. The production of any document in native format must be done in a manner that preserves the integrity of the file and meta-data associated with that file.

9. Proposed dates for:

(a) Filing non-dispositive and dispositive pre-trial motions:

Plaintiffs propose that non-dispositive motions shall be filed no later than June 17, 2011 and that dispositive motions shall be filed no later than August 17, 2011.

      (b) Pre-Trial Conference date:

October 26, 2011

(c) Trial date:

December 12, 2011

10. Settlement Issues;

The parties have not been able to engage in settlement discussions to date. Plaintiffs request a settlement conference after discovery.

11. Jury or Non-Jury Case;

Plaintiffs request that this case be tried before a jury.

12. An estimate of the number of trial days required;

Eight trial days

13. Consent to the jurisdiction of a U.S. Magistrate Judge;

All parties do not currently consent to the jurisdiction of a U.S. Magistrate Judge.

14. Whether either party requests bifurcation or phasing of trial, or any other suggestion for shortening or expediting discovery, pre-trial motions, or trial;

Plaintiffs do not currently anticipate a need to bifurcate the trial of this matter. Plaintiffs do not currently have any suggestions for shortening or expediting discovery, pre-trial motions, or trial.

15. Whether this matter is related to any matter pending in this court or any other court, including any bankruptcy court;

Plaintiffs are not currently aware of this case being directly related to any of its other outstanding actions. Discovery may result in this case being related to other piracy litigation brought by Plaintiffs.

DATED: June 3, 2010

Respectfully submitted,

By: /s/ Stephen M. Ferguson

Stephen M. Ferguson (*pro hac vice*)
stephen.ferguson@hnbllc.com
Chad M. Hagan (*pro hac vice*)
chad.hagan@hnbllc.com
**HAGAN NOLL & BOYLE LLC**
820 Gessner, Suite 940
Houston, TX 77024
Telephone: (713) 343-0478
Facsimile: (713) 758-0146

David S. Barrett (SBN 209986)
david@dsblawoffice.com
LAW OFFICE OF DAVID BARRETT
117 'J' Street, Suite 300
Sacramento, CA 95814
Telephone: (916) 440-0233
Facsimile: (916) 440-0237

Attorneys for Plaintiffs

**PROOF OF SERVICE**

I am a resident of the State of Texas, over the age of eighteen years, and not a party to the within action. My business address is 820 Gessner, Suite 940, Houston, Texas 77024. I am familiar with the practice at my place of business for collection and processing of correspondence for mailing. Such correspondence is deposited with the United States Postal Service on the same day in the ordinary course of business.

On June 3, 2010, I served the following documents described as:

**PLAINTIFFS' SCHEDULING REPORT**

__ by **Electronically Transmitting** the document through the Case Management/ Electronic Case Filing (CM/ECF) system, and/or pursuant to the email address provided in the parties' agreement on electronic service of documents in this action.

_X_ by placing the document in a sealed envelope with postage thereon fully prepaid in the **United States Mail** at Houston, Texas addressed as set forth below.

Carl Summers
8839 N Cedar Ave # 31
Fresno, CA 93720

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Executed on June 3, 2010 at Houston, Texas.

/s/ Stephen M. Ferguson
Stephen M. Ferguson