Case 1:10-cv-00307-AWI-SKO Document 28 Filed 10/15/10 Page 1 of 5
Oct 15 10 11:36a    CVPC FRESNO PERFORMANCE    5592332292    p.2
Case 1:10-cv-00307-AWI-SKO Document 27 Filed 10/15/10 Page 1 of 5

**FILED**
OCT 15 2010
CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
BY _____ DEPUTY CLERK

1  Chad M. Hagan (*pro hac vice*)
   chad.hagan@hnbllc.com
2  Stephen M. Ferguson (*pro hac vice*)
   stephen.ferguson@hnbllc.com
3  **HAGAN NOLL & BOYLE LLC**
   820 Gessner, Suite 940
4  Houston, TX 77024
   Telephone: (713) 343-0478
5  Facsimile: (713) 758-0146

6  Attorneys for Plaintiffs

8  Carl Summers (*pro se*)
   8839 N. Cedar Ave. # 31
9  Fresno, CA 93720
   Telephone: (559) 312-6868

10 Defendant

# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DISH NETWORK L.L.C., ECHOSTAR TECHNOLOGIES L.L.C., and NAGRASTAR LLC,<br><br>Plaintiffs,<br><br>v.<br><br>CARL SUMMERS,<br><br>Defendant. | Case No. 1:10-CV-00307-AWI-SKO<br><br>**AGREED FINAL JUDGMENT AND PERMANENT INJUNCTION** |

Case 1:10-cv-00307-AWI-SKO   Document 28   Filed 10/15/10   Page 2 of 5
Oct 15 10 11:36a   CVPC FRESNO PERFORMANCE          5592332292        p.3
Case 1:10-cv-00307-AWI-SKO   Document 27   Filed 10/15/10   Page 2 of 5

Upon stipulation by the Parties, the Court, hereby ORDERS and ADJUDGES as follows:

(1) Defendant and anyone acting in active concert or participation with, or at the direction or control of Defendant is hereby PERMANENTLY ENJOINED from:

(a) offering to the public, providing, or otherwise trafficking in any satellite television receivers or set-top-boxes, software, firmware, dongles, or any other device, component, or technology, or part thereof, through any means including Internet Key Sharing (also known as IKS and Control Word Sharing), that:

(i) is primarily designed or produced for the purpose of circumventing Plaintiffs' security system, including the encryption and access control protection contained in the software on DISH Network Access Cards, or any other technological measure adopted by Plaintiffs that effectively controls access to copyrighted programming on the DISH Network platform;

(ii) has only a limited commercially significant purpose or use other than to circumvent Plaintiffs' security system, including the encryption and access control protection contained in the software on DISH Network Access Cards, or any other technological measure adopted by Plaintiffs that effectively controls access to copyrighted programming on the DISH Network platform;

(iii) is marketed by Defendant and/or others acting in concert with Defendant for use in circumventing Plaintiffs' security system, including the encryption and access control protection contained in the software on DISH Network Access Cards, or any other technological measure adopted by Plaintiffs that effectively controls access to copyrighted programming on the DISH Network platform; and

(b) assembling, modifying, selling, importing, and/or distributing any satellite television receivers, set-top-boxes, software, firmware, dongles, or other device,

Case 1:10-cv-00307-AWI-SKO Document 28 Filed 10/15/10 Page 3 of 5
Oct 15 10 11:36a    CVPC FRESNO PERFORMANCE           5592332292          p.4
Case 1:10-cv-00307-AWI-SKO Document 27 Filed 10/15/10 Page 3 of 5

1
2
3
4   technology or part thereof knowing or having reason to know that such device, technology or part thereof is primarily of assistance in the unauthorized decryption of direct-to-home satellite services through any means including Internet Key Sharing (also known as IKS and Control Word Sharing);

5   (c) intercepting Plaintiffs' satellite transmissions without Plaintiffs' authorization through any means including Internet Key Sharing (also known as IKS and Control Word Sharing);

(d) assisting others in intercepting Plaintiffs' satellite transmissions without Plaintiffs' authorization through any means including Internet Key Sharing (also known as IKS and Control Word Sharing);

(e) Testing, analyzing, reverse engineering, manipulating or otherwise extracting codes or other technological information or data from Plaintiffs' satellite television receivers, access cards, data stream or any other part or component of Plaintiffs' security system or other technology used to gain access to DISH Network programming including through the use of Internet Key Sharing (also known as IKS and Control Word Sharing); and

(f) Operating any website or URL that markets, promotes, distributes, or provides any information or discussion forums related to the products, devices, technology, codes, software, hardware, firmware, dongles, or components thereof which Defendant is permanently enjoined from manufacturing, promoting, distributing, or trafficking in pursuant to section (1)(a)-(e) above of this Final Judgment and Permanent Injunction.

(2) This Permanent Injunction takes effect immediately.

(3) The Parties have agreed to a judgment in favor of Plaintiffs DISH Network L.L.C., EchoStar Technologies L.L.C. and NagraStar LLC on each of Plaintiffs' claims under 17 U.S.C. § 1201 and 47 U.S.C. § 605 (Counts 1-4 in Plaintiffs' Complaint) in the aggregate amount of Fourteen Million Eight Hundred Sixty Thousand Eight Hundred Dollars ($14,860,800.00) as to

Case 1:10-cv-00307-AWI-SKO Document 28 Filed 10/15/10 Page 4 of 5
Oct 15 10 11:37a    CVPC FRESNO PERFORMANCE         5592332292        p.5
Case 1:10-cv-00307-AWI-SKO Document 27 Filed 10/15/10 Page 4 of 5

Defendant. The Parties have agreed that this judgment will only be executed on in the event that the Court finds that Defendant has materially violated the Parties' settlement agreement or the permanent injunction contained within this Agreed Final Judgment. The Court has not reviewed or approved the terms and conditions of the Parties' settlement agreement.

(4)  The Court retains jurisdiction over this action for the purposes of enforcing this Final Judgment and Permanent Injunction and adjudicating any disputes regarding the Parties' underlying settlement agreement, including but not limited to disputes regarding the enforcement or scope of the settlement agreement.

(5)  Each of the Parties is to bear its own costs and attorney's fees.

(6)  This is a final judgment. Any and all relief not expressly granted herein is denied.

It is so ORDERED.

SIGNED and ENTERED this 15th day of October, 2010.

_____
Anthony W. Ishii
United States District Court Judge

Case 1:10-cv-00307-AWI-SKO Document 28 Filed 10/15/10 Page 5 of 5
Oct 15 10 11:37a CVPC FRESNO PERFORMANCE 5592332292 p.6
Case 1:10-cv-00307-AWI-SKO Document 27 Filed 10/15/10 Page 5 of 5

Dated: October 15, 2010      **HAGAN NOLL & BOYLE LLC**

By: /s/ Stephen M. Ferguson
Chad M. Hagan (*pro hac vice*)
chad.hagan@hnbllc.com
Stephen M. Ferguson (*pro hac vice*)
stephen.ferguson@hnbllc.com
**HAGAN NOLL & BOYLE LLC**
820 Gessner, Suite 940
Houston, TX 77024
Telephone: (713) 343-0478
Facsimile: (713) 758-0146

David S. Barrett (CASBN 209986)
david@dsblawoffice.com
**LAW OFFICE OF DAVID BARRETT**
117 'J' Street, Suite 300
Sacramento, CA 95814
Telephone: (916) 440-0233
Facsimile: (916) 440-0237

Attorneys for Plaintiffs

Dated: October 15, 2010      **CARL SUMMERS**

By: /s/ Carl Summers
Carl Summers (*pro se*)
8839 N. Cedar Ave. # 31
Fresno, CA 93720
Telephone: (559) 312-6868

Defendant

4

Agreed Final Judgment and Permanent Injunction